## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy   4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Red Fork (USA) Investments, Inc.** |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **20-4814699** |

| | | | |
|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** **601 North Marienfeld, #400** **Midland, TX 79701** Number, Street, City, State & ZIP Code **Midland** County | **Mailing address, if different from principal place of business** P.O. Box, Number, Street, City, State & ZIP Code **Location of principal assets, if different from principal place of business** **Assets are in various locations in Oklahoma** Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | | |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ | |

| Debtor | Red Fork (USA) Investments, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **EastOK Pipeline, LLC** | Relationship | **Subsidiary** |
|---|---|---|---|
| District | **Western District of Texas** | When | Case number, if known |

Debtor  **Red Fork (USA) Investments, Inc.**　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　　Name

**11. Why is the case filed in *this district*?**  *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
　　　　　　　　　　　　　　Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes.  Insurance agency _____
　　　　　　Contact name _____
　　　　　　Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**  *Check one:*
- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | Red Fork (USA) Investments, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **August 7, 2018**
MM / DD / YYYY

**X** **/s/ Eugene I. Davis**                                    **Eugene I. Davis**
Signature of authorized representative of debtor          Printed name

Title  **President and Sole Board Member**

**18. Signature of attorney**

**X** **/s/ Deborah D. Williamson**                             Date **August 7, 2018**
Signature of attorney for debtor                                    MM / DD / YYYY

**Deborah D. Williamson 21617500**
Printed name

**Dykema Cox Smith**
Firm name

**112 E. Pecan Street, Suite 1800**
**San Antonio, TX 78205-1521**
Number, Street, City, State & ZIP Code

Contact phone  **210-554-5500**     Email address  **dwilliamson@dykema.com**

**21617500 TX**
Bar number and State

# CERTIFICATE OF CORPORATE RESOLUTIONS OF
# THE BOARD OF DIRECTORS OF RED FORK (USA) INVESTMENTS, INC.

I, Eugene I. Davis, do hereby certify that I am the President and Sole Board Member of Red Fork (USA) Investments, Inc., an Oklahoma corporation (the "***Company***").

I do further certify that the written consent (the "***Consent***") attached hereto on <u>Exhibit A</u> was unanimously approved and duly adopted by the Board of Directors of the Company pursuant to Section 1027.F.1 of the Oklahoma General Corporation Act and Section 3.13 of the Amended and Restated Bylaws of the Company.

I do further certify that the Consent has not been altered, amended, or repealed, and is now in full force and effect.

*[Signature Page to Follow]*

IN WITNESS WHEREOF, I have hereunto subscribed my name this 6th day of August, 2018.

**RED FORK (USA) INVESTMENTS, INC.**

By: _____
Name: Eugene I. Davis
Title: Sole Board Member and President

# Exhibit A

See attached.

# RED FORK (USA) INVESTMENTS, INC.

### ACTION OF THE BOARD OF DIRECTORS
### BY UNANIMOUS WRITTEN CONSENT

### August 6, 2018

The undersigned, being the sole member of the board of directors (the "***Board***") of Red Fork (USA) Investments, Inc., an Oklahoma corporation (the "***Company***"), does hereby consent to and adopt the following resolutions, pursuant to Section 1027.F.1 of the Oklahoma General Corporation Act and Section 3.13 of the Amended and Restated Bylaws of the Company, and directs that this written consent (this "***Consent***"), be filed in the minute book of the Company:

**WHEREAS,** the Board has consulted with the management and the advisors of the Company regarding the assets, liabilities and liquidity situation of the Company, the strategic alternatives available to it and the impact of the foregoing on the ability of the Company to pay its debts in full;

**WHEREAS,** the Company, as the sole member of Eastok Pipeline, LLC, an Oklahoma limited liability company ("***Eastok***"), has consulted with the management and the advisors of Eastok regarding the assets, liabilities and liquidity situation of Eastok, the strategic alternatives available to it and the impact of the foregoing on the ability of Eastok to pay its debts in full; now, therefore be it

**RESOLVED:** That, in the best business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, shareholders and other interested parties that a voluntary petition (the "***Petition***") be filed by Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Bankruptcy Code (the "***Bankruptcy Code***").

**RESOLVED FURTHER:** That, in the best business judgment of the Board, it is also desirable and in the best interests of Eastok and Eastok's creditors, members and other interested parties that a voluntary petition be filed by Eastok (collectively with the Petition, the "***Petitions***") seeking relief under Chapter 11 of Title 11 of the Bankruptcy Code.

**RESOLVED FURTHER:** That Eugene I. Davis, as the President of the Company and Manager of Eastok (the "***Designated Officer***") be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company and Eastok: (i) to execute and verify the Petitions as well as any other ancillary documents in order to cause the Petitions to be filed with the United States Bankruptcy Court for the Western District of Texas, Midland Division (the "***Bankruptcy Court***") and to make or cause to be made, prior to the execution thereof, any modifications to the Petitions or ancillary documents; (ii) to execute, verify and file or cause to be filed the schedules of assets and liabilities, statement of financial affairs, lists, motions, applications and any other applicable papers or documents (including debtor-in-possession loans or account agreements and all first day motions and applications) necessary or desirable in connection with the Petitions; and (iii) to execute and verify any and all documents necessary or appropriate in connection with the Petitions in such form or forms deemed necessary or appropriate by the Designated Officer.

**RESOLVED FURTHER:** That the Designated Officer be, and hereby is, authorized, directed and empowered to file the Petitions at such time as the Designated Officer determines and to perform any and all acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing.

**RESOLVED FURTHER:** That the law firm of Dykema Gossett PLLC be, and hereby is, authorized, empowered and directed to represent the Company and the Eastok, as debtors and debtors-in-possession, in connection with any case commenced by or against the Company and Eastok under the Bankruptcy Code.

**RESOLVED FURTHER:** That the Designated Officer be, and hereby is, authorized, directed and empowered to employ and retain on behalf of the Company and the Eastok such other attorneys, financial advisors, consultants, accountants, investment bankers and claims and noticing agent as the Designated Officer of the Company and Eastok deems appropriate (including a Chief Restructuring Officer) (the "CRO").

**RESOLVED FURTHER:** That the Designated Officer or CRO be, and hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company and Eastok to take such actions and to execute and deliver such certificates, instruments, guaranties, notices and documents as may be required, or as the Designated Officer or CRO deems necessary, advisable or appropriate to carry out and perform the obligations of the Company and Eastok under the Bankruptcy Code; all such actions to be performed in such manner, and all such certificates, instruments, notices and documents to be executed and delivered in such form, as the Designated Officer or CRO, with the advice of counsel, deems necessary or appropriate, the performance or execution thereof by the Designated Officer to be conclusive evidence of the approval of the Designated Officer or CRO, the Company and Eastok.

**RESOLVED FURTHER:** That, in addition to the specific authorizations conferred by the foregoing resolutions, the Designated Officer or CRO is hereby authorized, directed and empowered, in the name and on behalf of the Company and Eastok to do or cause to be done all such further acts, and to execute and deliver all such other instruments, certificates, agreements and documents as the Designated Officer or CRO, with the advice of counsel, deems necessary or appropriate to enable the Company and Eastok to carry out the intent and to accomplish the purpose of the foregoing resolutions.

**RESOLVED FURTHER:** That any lawful actions taken by the Designated Officer or CRO, the Board, the Company, or Eastok in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, confirmed, ratified and approved in all respects.

*[Signature Page to Follow]*

IN WITNESS WHEREOF, the sole director has executed this Consent as of the date first above written.

_____
Eugene I. Davis